UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TODD J. LASCOLA, PETITIONER,

v.

UNITED STATES OF AMERICA, RESPONDENT.

CR NO. 00-0133 ML

CA No. 03-0370 ML

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)**

NOW here comes Todd J. LaScola, petitioner pro se', who moves this Honorable Court for summary judgment. As there is no genuine issue as to any material fact, the petitioner is entitled to judgment as a matter of law.

The Motion is further explained in the attached Memorandum In Support.

**MEMORANDUM IN SUPPORT**

**A. Restitution**

A movant is entitled to summary judgment when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."(Nepsk, Inc. v Town of Houlton, 283 F.3d 1, 1st Cir. 2002; Citing Fed. R. Civ. P. 56(c))

The material facts presented in the petitioner's Rule 60(b) motion, namely the filings and orders relating to distributions from CPA Advisors Network and CPI Investment Management (Exhibits B, D, and F - Rule 60(b) Motion), are not disputed. The overwhelming evidence supports the petitioner's assertion that the victims have been satisfied.

Further, "In the event that the non-movant fails to offer any contrary information, the court should find the fact undisputed." (Fed. R. Civ. P. Rule 56, Commentary) The government has failed to even respond, much less present evidence in dispute. The government's failure to respond "is most likely not oversight, but instead a critical realization" that the restitution has been satisfied. (Rocafort v. IBM Corp., 334 F.3d 115, 1st 2003) This is supported by the government's previous contentions that it was "unaware of payment" in related actions ( See Government's Objection in related "Motion to Modify Terms of Supervised Release") prior to the final distributions of CPI Investment Management, and their failure to address such after becoming aware of said distribution in both that matter and this instant action.

Therefore, judgment in favor of the petitioner is appropriate.

**B. Reopening of §2255 Proceedings**

The material facts relating specifically to the "new evidence" issue, namely the CPA Trustee's Final Report and Account (Exhibit

D - Rule 60(b) Motion), clearly shows, as the petitioner proves in the Rule 60(b) Motion, the value of the underlying assets related to the petitioner's §2255 claim.

The government fails to respond to the issue of the impact of this "new evidence" on the §2255 proceedings. This clearly represents an acquiescence to its impact. (When a "failure to respond is so unnatural that it supports the party acquiesced to the statement"; Ricciardi v. Children's Hosp. Med. Ctr., 811 F.2d 18, 1st Cir 1987)

Therefore, judgment ordering the reopening of the §2255 proceedings, so that the issue may be properly litigated and decided on the merits, is appropriate.

**CONCLUSION**

Based on the foregoing, the petitioner is entitled to summary judgment as to (1) Restition Order being satisfied, and (2) reopening of the §2255 proceedings.

Respectfully submitted this 20th day of April, 2006.

Todd J. LaScola
04952-070
FCC - Low
P.O. Box 1031
Coleman, FL 33521

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TODD J. LASCOLA, PETITIONER, | ) | |
| v. | ) | CR NO. 00-0133 ML |
| UNITED STATES OF AMERICA, RESPONDENT. | ) | CA NO. 03-0370 ML |

CERTIFICATE OF SERVICE

I hereby specify that on this 20th day of April, 2006, I served via first class mail, postage prepaid, a copy of the within filing to:

Donald Lockhart, Esq.
Asst. U.S. Attorney
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903

Todd J. LaScola
Petitioner, pro se'