UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD J. LASCOLA | ) | |
| | ) | |
| v. | ) | C.A. No: 03-370ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | (Re CR No. 00-0133ML) |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**

Now comes the United States and hereby objects to the Defendant's Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b), for the reasons set forth in its attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly /LMS

Terrence P. Donnelly
Assistant U.S. Attorney

**CERTIFICATION**

I hereby certify that on this 5th day of May, 2006, I served, postage prepaid, a true copy of the Objection to Defendant's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) on the following:

Todd J. LaScola
#04952-070
FCC - Low
P.O. Box 1031
Coleman, FL 33521

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD J. LASCOLA | ) | |
| | ) | |
| v. | ) | C.A. No: 03-370ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | (Re CR No. 00-0133ML) |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**

In his pursuit to be excused from the restitution obligation he owes this Court and his victims, the defendant has filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure. In his motion, the defendant claims that he has satisfied this Court's restitution order, and that he is therefore entitled to a "discharge" of that obligation. Secondly, he claims that, owing to "newly discovered evidence," his prior §2255 claim be reopened so that he can attempt, once again, to dispute the loss amount. The government objects to both parts of his motion.

**1. Restitution.**

The first request for relief is nothing more than a restatement of the defendant's Motion to Modify Restitution Order. The government therefore incorporates its response, filed on November 4, 2005, to that earlier motion.

Additionally, the government would note that the defendant is almost certainly correct that some (if not all) of the victims have been made whole through payments from the CPI Receiver (Alan Shine), or through payments from SIPC as trustee for CPA.

Nevertheless, this does not necessarily "discharge" a restitution order. "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation...." 18 U.S.C. §3664(j)(1).

Prior to filing this Memorandum, the government has been unable to determine with precision whether or not the defendant's restitution obligation should now be directed toward another person or entity. In particular, it is possible that SIPC, as governmental insurer is owed money pursuant to §3664(j)(1).

Nevertheless, and as the government indicated in its responsive memorandum on the defendant's Motion to Modify Restitution Order, there is nothing at present to litigate. The government has been unable to find any authority which would allow, under Rule 60(b)(5), for the "*discharge*" of an otherwise valid restitution order. It may be that the defendant - not through any effort of his own, but through the concerted professional efforts of the SIPC trustee - has legally *fulfilled* his restitution obligation. But nothing under Rule 60(b)(5) entitles him to a "discharge" merely because victims have been made whole through the efforts of others.

---

For example, the CPI Receiver notes that $575,000 was collected from two insurance carriers. See Receiver's First and Final Report, Defendant's Exhibit B, at ¶11.

In any event, the government respectfully suggests that the defendant's Motion to Modify Restitution Order, as well as this Rule 60(b) Motion, be held pending the government's determination as to whether any party is still owed restitution. Given the complexity of the collection efforts in this case, the government believes it needs at least one month to gather the necessary information.

2. **"Newly Discovered Evidence"**

The second request for relief is nothing more than a clever attempt to use the procedural mechanism of Fed. R. Civ. P. 60(b)(2) to reargue the merits of the defendant's amount of loss contentions. The defendant's contentions have been rejected by this Court at least twice, and also by the Court of Appeals twice. This Motion, therefore, amounts to nothing more but a successive filing of a §2255 motion. Indeed the Court of Appeals denied the defendant's request for a Certificate of Appealability. There should be no further consideration of them.

As a general matter, Fed. R. Civ. P. 60(b) is a rule of civil procedure and therefore does not provide for relief from a

---

The government has spoken with an attorney for CPI Receiver Alan Shine. She has indicated that she believes all investors have been made whole. However, several victims from this Court's restitution order do not appear in Schedule C of the Receiver's Final Report. Additionally her office only paid some victims a portion of what they were owed, as they received some moneys from SIPC. The bottom line is that more time is needed to determine the defendant's remaining restitution obligation.

judgment in a criminal case. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam); see Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature."). Thus, a Rule 60(b) motion challenging a criminal judgment should be either recharacterized as a Section 2255 motion or dismissed outright. See Munoz v. United States, 331 F.3d 151 (1st Cir. 2003); Dunlap v. Litscher, 301 F.3d 873 (7th Cir. 2002).

However, in the Supreme Court's decision in Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), held that a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings," rather than the court's resolution of a challenge to the underlying conviction "on the merits," is not second or successive and therefore not subject to AEDPA's gatekeeping requirements. Id. at 2648; see id. at 2648 n.4 (Rule 60(b) motion does not attack conviction on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-

---

The Court stated that its ruling was limited to habeas proceedings involving state prisoners under 28 U.S.C. 2254. 125 S. Ct. at 2646 n.3 (noting that although provision governing second or successive motions under Section 2255 is "similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical"). Despite the slight difference in the statutory language, it seems likely that the ruling in Gonzalez will apply in Section 2255 proceedings as well.

limitations bar"). The Court emphasized that even for valid Rule 60(b) motions, a movant is entitled to relief only if he can show "'extraordinary circumstances' justifying the reopening of a final judgment." Id. at 2649 (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).

A prisoner may not use Rule 60(b), however, to present a new claim for relief from his conviction or to attack the federal court's previous resolution of a claim, based on newly discovered evidence or a substantive change in the governing law. Id. at 2647-2648. Use of Rule 60(b) in those circumstances, the Court stated, would "impermissibly circumvent the requirement" that successive petitions be certified by the court of appeals. Id. at 2648.

Here, that is exactly what the defendant is doing with his bogus "newly discovered evidence" argument regarding amount of loss. As stated in the government's §2255 memorandum, habeas proceedings cannot be used to attack guidelines calculations. Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994); see also United States v. Pregent, 190 F.3d 279, 283-284 (4th Cir. 1999) ("[b]arring extraordinary circumstances ... an error in the application of the Sentencing Guidelines cannot be raised in a §2255 proceeding") (citing cases). Guidelines claims generally are not "fundamental" enough to be reviewed under §2255, whether or not it was presented or defaulted on direct appeal. See Reed

v. Farley, 512 U.S. 339, 357-358 (1994) (Scalia, J., concurring) (discussing the difference between cognizability of a claim and procedural default).

The United States therefor requests that, for all the aforementioned reasons, Todd J. LaScola's motion, as it relates to his restitution obligation, be held for one month pending the government determining with more precision the defendant's proper remaining restitution obligation. As to the defendant's Motion as to the amount of loss calculations, the government requests that that portion of the Motion be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly / LMS

Terrence P. Donnelly
Assistant U.S. Attorney

**CERTIFICATION**

I hereby certify that on this 5th day of May, 2006, I served, postage prepaid, a true copy of the Memorandum of Law in Support of Government's Objection to Defendant's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) on the following:

Todd J. LaScola
#04952-070
FCC - Low
P.O. Box 1031
Coleman, FL 33521

Lisa M. Steele