UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD J. LASCOLA, PETITIONER, | ) | |
| v. | ) | C.A. No. 03-370ML<br>CR No. 00-0133ML |
| UNITED STATES OF AMERICA, RESPONDENT. | ) | |

**RESPONSE TO THE GOVERNMENT'S OBJECTION TO REOPEN THE PETITIONER'S §2255 PROCEEDINGS**

NOW HERE comes Todd J. LaScola, petitioner pro se, who offers this response to the government's objection to reopen the petitioner's §2255 proceedings.

The government does not contest, in its objection, any of the facts in the petitioner's Rule 60(b) Motion related to the reopening of the §2255 proceedings. They did not contest: (1) That the RBG notes did indeed have value in excess of $7.3 million (See Rule 60(b) Motion at pg. 4); (2) That the petitioner has satisfied the Mitchell Standard in his Rule 60(b) Motion (See Rule 60(b) Motion at pgs. 4-7); nor, (3) the impact this new evidence would have on the petitioner's §2255 proceedings (See Rule 60(b) Motion at pgs. 7-9).

"In the event that the non-movant fails to offer any contrary information, the court should find the fact(s) undisputed." (Fed. R. Civ. P. Rule 56, Commentary) Further, when a "failure to respond is so unnatural ... it supports the party acquiesced to the statement." (Ricciardi v. Children's Hosp. Med. Ctr., 811 F.2d 18, 1st Cir. 1987) Therefore, there is no dispute and, in fact, agreement by the parties as to the appropriate of relief on the merits.

The government's only objection is on procedural issues. At first the government tries to classify the petitioner's motion as a successive §2255 motion (Objection at pg. 3), only to concede that, in light of Gonzalez, attacking a defect in a habeas proceeding is properly brought under Rule 60(b). (Objection at pg. 4)

The government then objects to relief being granted in anything but "extraordinary circumstances." (Objection at pg. 5, para 1 and 3) Not only have questions of incarceration been deemed extraordinary by the Supreme Court (See Strickland v. Washington, 466 US 668, 697, et al), but reasonableness would also lead to the conclusion that a $7 million plus difference in loss, a number that makes up most, if not all, of the loss amount, meets the extraordinary standard on its own.

While not directly raised, the government implies that the petitioner does not deserve consideration because all resulting value were due to the "professional efforts of the SIPC trustee". (Objection at pg. 2) With all due respect to those efforts, it defies logic to conclude that mere professional efforts could somehow create value in excess of $7 million from thin air. While securing this value was certainly due to these efforts, the value itself comes from the RBG Notes wrongly purchased by the petitioner for the victims.

**CONCLUSION**

As a matter of law, this Honorable Court may grant relief and reopen the petitioner's §2255 proceedings. Further, there is no dispute as to the facts or the impact of those facts on the petitioner's §2255. The sole question for the court to

resolve is whether the petitioner, or any petitioner, who was originally sentenced based on the fraud committed, as well as the impact of causing millions of dollars in losses to the victims, when it is learned that the victims' losses were in fact millions of dollars less as a result of the assets provided during the fraud, deserves to have the issue decided on the merits. Reopening of the §2255 proceedings would allow such and therefore should be granted.

Respectfully submitted this 16th day of May, 2006.

Todd J. LaScola
04952-070
FCC - Low
P.O. Box 1031
Coleman, FL 33521

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2006, I caused to be served via first class mail, postage prepaid, a copy of the within Response to the Government's Objection to Reopen the Petitioner's §2255 Proceeding to:

Donald Lockhart, Esq.
Assistant United States Attorney
Office of the United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Todd J. LaScola #04952-070
FCC Coleman - LOW
P.O. Box 1031
Coleman, FL 33421