UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD J. LASCOLA | ) | |
| v. | ) | C.A. No: 03-370ML |
| UNITED STATES OF AMERICA | ) | (Re CR No. 00-0133ML) |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)**

Todd J. Lascola, in yet another filing in the above-captioned case(s), has moved this Court, pursuant to Fed. R. Civ. P. 56(a), for summary judgment. He followed that motion with an "amended" summary judgment motion.[1] For obvious reasons, the government objects.

Lascola's motion for summary judgment should be denied because it is the wrong motion at the wrong time. It goes without saying that a motion for summary judgment is a procedural mechanism which allows a court to "avoid unnecessary trials when no genuine issues of fact have been raised." 10A Wright & Miller, Federal Practice and Procedure §2717 (1998) (emphasis added). Here, not only has the criminal case long passed, but the civil-in-nature §2255 motion by the defendant has already been decided, appealed, and finalized. The time for filing a motion for summary judgment, if such a motion was ever

[1] The purpose or nature of any changes made in the "amended" summary judgment motion are unclear to the government.

appropriate,[2] was after the government filed its answer to the defendant's §2255 motion. See United States v. Deases, 923 F.Supp. 170, 171 (D.Kan. 1996) (disallowing summary judgment motion in a §2255 case: "A motion for summary judgment pertains to claims, counterclaims, cross-claims or a motion for declaratory judgment").

As with his other filings, this Motion is just another manifestation of Lascola's efforts to file a second or successive §2255 motion without the required approval from the Court of Appeals. As Judge Easterbrook of the Seventh Circuit memorably put it:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g., Owens v. Boyd, 235 F.3d 356 (7th Cir.2000) (application for coram nobis); United States v. Evans, 224 F.3d 670 (7th Cir.2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is

[2] Rule 12 of the Rules Governing Section 2255 Proceedings makes the Rules of Civil Procedure applicable to §2255 motions "to the extent that they are not inconsistent with any statutory provisions or these rules."

> substance that controls. See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996).

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Thus, this motion can be denied on procedural grounds. As to the substance of the summary judgment motion, the government incorporates the Government's Response to Defendant's Modify Restitution Order Pursuant to 18 U.S.C. §3664(j)(2)(A) and (B) and its Memorandum of Law in Support of Government's Objection to Defendant's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b).

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly
Assistant U.S. Attorney

**CERTIFICATION**

I hereby certify that on this 19th day of May, 2006, I served, postage prepaid, a true copy of the Memorandum of Law in Support of Government's Objection to Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) on the following:

Todd J. LaScola
#04952-070
FCC - Low
P.O. Box 1031
Coleman, FL 33521