**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

TODD J. LASCOLA :
:
vs. : C.A. No. 03-370-ML
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Mary M. Lisi, United States District Judge

This matter is before the Court on Todd LaScola 's Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motion seeks relief from this Court's dismissal of LaScola's motion to vacate or modify sentence under 28 U.S.C § 2255, previously brought in this action.

LaScola has also filed, in his underlying criminal case, a motion to modify restitution based on grounds which are virtually identical to those included in the instant rule 60(b) motion. See United States v. LaScola, CR No. 00-133-ML (Doc. # 25.) This Court has denied the motion to modify in a separate Memorandum and Order issued this date, a copy of which is appended to this Memorandum and Order.

For the reasons that follow, LaScola's rule 60(b) motion must be denied.

FACTS AND BACKGROUND

The facts and background of this matter are described in this Court's rulings on LaScola's motion to modify restitution and on LaScola's § 2255 motion and need not be repeated here. In brief, LaScola, an investment broker, pled guilty to mail fraud, wire fraud, and embezzlement and was found to have defrauded investors of millions of dollars. He was sentenced to 96 months imprisonment, followed by three years of supervised release and ordered to make

restitution of more than $8 million to his victims. See Judgment of Conviction at 5-6 ("Restitution Order"). His conviction and sentence were affirmed on appeal. See United States v. LaScola, 45 Fed. Appx. 5 (1st Cir. 2002).

LaScola filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, raising various claims, including a claim that new evidence proved that the calculation of the amount of loss caused by his offenses was incorrect. This Court denied relief on all claims, ruling in part that the challenge to the loss calculation was unsupported and in any event had been rejected on direct appeal. See Memorandum and Order dated September 13, 2004 at 7-8. The Court of Appeals denied a certificate of appealability. See LaScola v. United States, No. 04-2327 (1st Cir. September 28, 2005).

LaScola then filed the instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).[1] He claims (1) that the restitution portion of his criminal judgment has been fully satisfied, citing Fed.R.Civ.P. 60(b)(5), and (2) that newly discovered evidence requires that his restitution obligation be reduced, citing Rule 60(b)(2). The Government has filed an objection to the motion, to which LaScola has responded, and the matter is ready for decision.[2]

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[2] No hearing is required in connection with any issues raised by his motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego a hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted

## DISCUSSION

The Rule 60(b) motion must be denied for both procedural and substantive reasons. The first ground asserted in the motion -- that LaScola's obligations under the Restitution Order have been satisfied, thus warranting relief under Rule 60(b)(5) -- is duplicative of the claims raised in the motion to modify restitution brought by LaScola in his underlying criminal case. As noted above, those claims have been denied in this Court's ruling issued herewith on this date. See Memorandum and Order in CR No. 00-133-ML (copy attached hereto). In that ruling the Court notes that it is unable at this juncture to determine the extent to which LaScola's restitution obligations have been satisfied. That ruling likewise disposes of LaScola's claim here.

LaScola also seeks relief under Fed. R. Civ. P. 60(b)(5) on the basis that "new evidence" -- namely, that payments made to date to LaScola's victims as a result of certain receivership proceedings involving LaScola's two former companies should reduce or eliminate his restitution obligation -- warrants relief from the Judgment denying LaScola's earlier § 2255 motion. The Government contends that this ground constitutes a second or successive claim under § 2255.

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court noted that a motion which attacks the federal court's previous resolution of a claim on the merits – rather than "some defect in the integrity of the federal habeas proceedings" -- advances a claim relative to the merits and thus constitutes a second or successive motion that may not be brought without circuit authorization. Id. at 531-532. Even if the claim was not previously presented, it must be

---

as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978) (no hearing is required where the district judge is thoroughly familiar with the case).

dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Id. at 530 (citing 28 U.S.C. § 2244(b)(2)).

Although the holding in Gonzales was limited to § 2254 habeas cases, see id. at 529 n. 3, several courts have held its reasoning applicable to § 2255 proceedings as well. See e.g., In re Nailor, – F.3d –, 2007 WL 1555784 ( 6th Cir. May 31, 2007) (Gonzalez "reasoning dictates our resolution of the issue at hand" in § 2255 proceeding), citing United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) (same). Moreover, the reasoning in Gonzales is consistent with previous case law of this Circuit, under which a rule 60(b) motion seeking relief from a judgment previously entered in a § 2255 case must be treated as a second or successive habeas petition if the factual predicate set forth in support of the motion constitutes a direct challenge to the underlying conviction rather than attacking only the manner in which the earlier habeas judgment has been procured. See Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003) (citing Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to § 2254 habeas petition)).

Thus, if a Rule 60(b) motion is deemed to be a "second and successive" § 2255 motion, a court must dismiss it for lack of subject matter jurisdiction, or alternatively transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3) and § 2255, para. 8.[3] See id at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

The claim at issue here seeks to present additional evidence to show either that LaScola's

---

[3] 28 U.S.C. § 2255, para. 8. provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(Emphasis added.)

restitution obligation has been satisfied or that the amount owed should be modified. Contrary to Lascola's arguments, this claim does not contest any procedural irregularity in the earlier § 2255 proceedings but rather challenges a portion of his underlying sentence. To this extent, the instant Rule 60(b) motion thus constitutes a second or successive § 2255 motion which this Court may not consider absent authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255, ¶ 8). Here, LaScola has not obtained such authorization, and thus this Court is without jurisdiction to consider this claim or his motion. See Munoz, 331 F.3d at 153; In re Nailor, 2007 WL 1555784 at *2-*3.

The Court has reviewed LaScola's other arguments relative to his motion and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, the instant Motion for Relief from Judgment is hereby DENIED and DISMISSED.[4]

SO ORDERED:

Mary M. Lisi
Chief United States District Judge
June 25, 2007

[4] In connection with his rule 60(b) motion, LaScola has also filed a motion for summary judgment and an amended motion for summary judgment. In view of the Court's disposition of LaScola's rule 60(b) motion, those two motions are denied as moot.